McKinney, J.
delivered the opinion of the court.
This suit was commenced by warrant before a justice of the *131 peace; the account sued for was due to Isaac Pennington, deceased, in his life time, and constituted part of the assets which came to the hands of his personal representatives — who were Elizabeth Pennington, the plaintiff, and John N. Pennington. Isaac Pennington died in August 1838.
Sometime thereafter a petition was presented by the personal representatives and all others interested in the estate, to the chancery court at Lawrenceburg, for a partition and distribution of the property, real and personal, belonging to said estate, among those entitled thereto. In pursuance of the petition, commissioners were appointed, who were empowered, • among other things, to value and make division of the personal property and assets of every description in equal por-' ,tions between the several persons entitled to the same. The commissioners made distribution accordingly, and a formal decree was thereupon made by the chancellor, vesting each one with the absolute property and title to the portion thus allotted to him, and divesting the interest of the others thereto. This proceeding was several months prior to the commencement of this suit. On the foregoing division of the debts, choses in action and other personal effects, the account on which this is founded was assigned to, and the interest vested in Joseph Voss (for whose use this suit is brought) and his wife, who was a daughter of said Isaac Pennington.
■ The question is, upon the foregoing facts, can this suit be maintained? We think not. If the proceeding and decree in chancery had the legal effect of vesting the interest in the .debt sued for in Voss and, wife, as we incline to think, then the suit could only be maintained in their names for its recovery. But, if the decree had not this effect, then, the legal interest remained in the personal representatives of Isaac Pennington, and the suit should have been brought by them *132 jointly, in their representative character, for the use of the persons in whom the equitable interest was vested.-
Elizabeth Pennington, in her individual capacity, had no interest whatever in the debt; and, therefore could not sue for its recovery. And, having no interest in the debt, the promise said to have been made by the defendant, to pay her individually, if available for other reasons, would be inoperative' and void for want of consideration.
The judgment of the circuit court must be reversed, and the case remanded.